### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

JIM BEVERLY, *doing business as*
JIM BEVERLY COMPANY,

    Plaintiff,

v.                                                                                 No. 1:22-cv-00884-DHU-LF

WILLIAM MARTIN,
RONALD A. MONTOYA,
RM DESIGNS, INC., and
ALEXANDER FINALE,

    Defendants.

and

RONALD A MONTOYA and RM
DESIGNS, INC.,

    Counterclaim-Plaintiffs,

v.

JIM BEVERLY, *doing business as*
JIM BEVERLY COMPANY,

    Counter-Defendant.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff/Counter-Defendant Jim Beverly, d.b.a. Jim Beverly Company's ("Plaintiff") Motion for Default Judgment Against Defendant Alexander Finale ("Finale") (Doc. 20) and Defendant Finale's Motion to Set Aside Clerk's Entry of Default (Doc. 21). The Court, having carefully considered the motions, briefs, and being otherwise fully advised of the premises, DENIES Plaintiff's motion for default judgment and GRANTS Defendant's Finale's motion to set aside the Clerk's entry of default.

**Factual Background**

The following facts are taken from Plaintiff's complaint. As such, they are allegations, not factual findings. According to the complaint, Plaintiff Jim Beverly is the owner and operator of a New Mexico sole proprietorship with its principal place of business in Placitas, New Mexico. *See* Doc. 1. Plaintiff is a custom home design company that provides unique luxury homes in Albuquerque and Northern New Mexico. *Id.* at ¶ 12. In November of 2020, Defendant William Martin retained Plaintiff to design a custom home for Mr. Martin in Bernalillo, New Mexico. *Id.* at ¶ 15. Over the course of several months of meetings between Mr. Beverly and Mr. Martin, Mr. Beverly designed an original and unique home for Mr. Martin, including floorplans ("the Beverly Floorplans"). *Id.* at ¶¶ 17-19. The Beverly Floorplans went through different iterations, and the last iteration was provided to Mr. Martin on January 26, 2021. *Id.* at ¶¶ 18-19. According to Plaintiff, the Beverly Floorplan was an original work of authorship and comprises copyrightable material under federal copyright laws. *Id.* at ¶ 20.

In a January 30, 2021 email, Mr. Martin said that he was "going with a different designer" and that he was "not going to use [the Beverly Floorplan]." *Id.* at ¶ 21 (alteration in original). Mr. Beverly reminded Mr. Martin that his work was protected by copyright laws and that no part of his design or drawings were to be used by any party without full payment of his invoice. *Id.* at ¶ 22. Mr. Beverly offered a release for a single use of the designs if Mr. Martin paid Mr. Beverly's invoice in full. *Id.* Mr. Martin did not pay Mr. Beverly, nor did he obtain a license to use the Beverly Floorplan. *Id.* at ¶ 23. Mr. Beverly registered the Beverly Floorplan with the U.S. Copyright Office in the name of Beverly Co. The application was registered effective January 31, 2021 as U.S. Copyright Reg. No. VAu 1-429-867. *Id.* at ¶ 24.

In August 2022, Mr. Beverly saw on Google's Satellite view that Mr. Martin's home was being constructed with a floorplan nearly identical to his Beverly Floorplan. *Id.* at ¶ 25. Public

records for the Martin home showed Defendant/Counterclaim-Plaintiff RM Designs as the designer and Defendant Alexander Finale as the licensed architect. *Id.* at ¶ 27. Plaintiff sent a demand letter to Defendants for compensation for their copying and use of the Beverly Floorplan and a demand that Defendants provide all designs for all residential homes RM Designs has built since the date Mr. Martin first received iterations of the Beverly Floorplan in question so that Plaintiff could confirm that RM Designs was not designing and/or building other homes in violation of Plaintiff's copyright. *Id.* at ¶ 28.

According to the complaint, Mr. Martin copied the Beverly Floorplan and distributed copies to Defendant Ronald A. Montoya, RM Designs owner, and/or Mr. Finale and the floorplan was allegedly shared with a contractor. *Id.* at ¶¶ 30-31.

## Procedural Background

On November 21, 2022, Plaintiff filed a two-count complaint in this Court alleging causes of action for: a violation of 17 U.S.C. § 501 for copyright infringement (Count I) and a claim for contributory copyright infringement (Count II). A proof of service filed by Plaintiff shows that the complaint was served on Defendant Alexander Finale personally on December 1, 2022. *See* Doc. 7. On January 20, 2023, the Clerk of Court, in response to Plaintiff's request for entry of default, filed the Clerk's Entry of Default against Defendant Finale for his failure to plead or otherwise defend in this case. *See* Docs. 18, 19.

Plaintiff then moved to secure a default judgment against Mr. Finale, stating that more than twenty-one days had elapsed since Mr. Finale was served with the summons and complaint, and that Mr. Finale was a defaulting party who had failed to plead or defend. *See* Doc. 20. That same day, counsel for Mr. Finale filed a motion to set aside the clerk's entry of default. *See* Doc. 21. Mr. Finale also responded to Plaintiff's default judgment motion. *See* Docs. 22. All motions have been fully briefed and are ripe for disposition. *See* Docs. 23, 30, 32.

**Discussion**

The Court proceeds to analyze, in the following order, (1) Mr. Finale's motion to set aside the Clerk's Entry of Default, and (2) Plaintiff's motion for default judgment.

### 1. The Court Grant's Mr. Finale's Motion to Vacate the Clerk's Entry of Default

In his motion to vacate, Mr. Finale explains that he resides in Washington state. *See* Doc. 21 at 1. After being served, he mistakenly thought that RM Designs had arranged for his defense. When he learned that RM Designs would not provide a defense, he immediately acquired counsel and "is prepared to defend himself against Plaintiff's claims." *Id*. He tells the Court that his failure to answer or otherwise respond to Plaintiff's complaint was purely unintentional. *See id*.

If a party in default acts before entry of judgment, Federal Rule of Civil Procedure 55(c) provides that the court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). "Default judgments are a harsh sanction," *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (citation omitted), and as such they are "not favored by courts." *Harvey v. United States*, 685 F.3d 939, 946 (10th Cir. 2012) (citation omitted). Consistent with their disfavored status, "the good cause required by [Rule] 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under [Rule] 60(b)." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997) (citations omitted); *see also Behounek v. Lujan Grisham,* No. 1:20-CV-00405-JCH-LF, 2020 WL 5757798, at *3 (D.N.M. Sept. 28, 2020) (stating that the "good cause" standard "is fairly liberal because '[t]he preferred disposition of any case is upon its merits and not by default judgment'") (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)).

To determine if the moving party has proven good cause, the district court considers the following three factors: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) (quoting *Pinson v. Equifax Credit Info. Servs.,* 316 Fed. App'x. 744, 750 (10th Cir. 2009)) (internal quotation marks omitted). These factors are not "talismanic." *Hunt v. Ford Motor Co.*, 65 F.3d 178 (10th Cir. 1995) (Table). The district court need not consider each factor. *Id*. The court may also consider other factors. *Id*. Finally, "[t]he defaulting party has the burden of proving that the default and default judgment should be set aside." *Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir. 1987).

Concerning the first factor, willfulness, also referred to as culpability, "[g]enerally a party's conduct will be considered culpable only if the party defaulted willfully or has *no excuse* for the default." *United States v. Timbers Pres., Routt Cty., Colo.*, 999 F.2d 452, 454 (10th Cir. 1993) (emphases added) (citation omitted). The Court believes that Defendant Finale's failure to answer or otherwise respond to the complaint after being served somewhat – but only somewhat – demonstrates a willful disregard for the Court. However, courts disfavor default judgment "purely as a penalty for delays in filing or other procedural error.'" *Noland v. City of Albuquerque*, No. CIV 08-0056JB/LFG, 2009 WL 2424591, at *1 (D.N.M. June 18, 2009) (quoting *In re Rains*, 946 F.2d at 733), and therefore Mr. Finale's failure to timely answer is insufficient by itself to obtain default judgment under the facts of this case. In addition, Mr. Finale has put forward evidence of good cause to set aside the entry of default by providing a declaration explaining his period of inaction. According to his declaration, after receiving the complaint he spoke with Mr. Montoya of RM Designs. Based on that conversation, Mr. Finale believed that Mr. Montoya would obtain legal counsel for him. Because there is no reason to doubt Mr. Finale's characterization of the events leading to his failure to timely file an answer,

the Court finds that Mr. Finale's oversight regarding the applicable deadlines does not rise to the level of culpable conduct under Rule 55(c) and therefore the first factor weighs in Mr. Finale's favor.

In addition, courts have held that defaults "are particularly disfavored by the law … when substantial sums of money are demanded[.]" *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 97 (2d Cir. 1993). In this case, Plaintiff seeks to recover either actual or statutory damages under 17 U.S.C. § 504, along with attorneys' fees and costs. And because Plaintiff has pleaded willful conduct on Mr. Finale's part, there is a heightened possibility that Mr. Finale could be liable for increased statutory damages. Mr. Finale describes his possible damages exposure as "vast" and states that a default against him would be "not trivial." Doc. 21 at 4. Given the sum of money at stake, Mr. Finale's allegedly tenuous connection to this case, and his stated intention to "defend himself" the Court is persuaded that vacatur is necessary. *Id*. at 2.

As to the second factor, the Court is unable to identify prejudice that would result to Plaintiff if the entry of default is set aside, and Plaintiff does not articulate any concrete prejudice. As the Tenth Circuit has explained, "[t]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *In re Rains*, 946 F.2d at 732. That is not the case here. At the time Defendant moved to set aside the default, this case was relatively new. Plaintiff filed its complaint on November 21, 2022. Mr. Finale was served with the complaint on December 1, 2022. Plaintiff then obtained a Clerk's Entry of Default on January 20, 2023. That same day, Mr. Finale immediately moved to set aside the entry of default. The Court finds that Mr. Finale's promptness weighs in favor of vacatur. *See Lucero as Next Friend to Lucero v. City of Clovis Police Dep't*, No. 2:19-CV-445 KWR/KRS, 2021 WL 1326937, at *4 (D.N.M. Apr. 9, 2021), *report and recommendation adopted*, No. 219CV00445KWRKRS, 2021 WL 2525644 (D.N.M.

June 21, 2021) ("Courts have consistently held that an unintentional or good faith mistake does not rise to the level of culpable conduct under Rule 55(c), particularly where a party takes prompt action to remedy its error.") (citation omitted). The Court finds that the second Rule 55(c) factor weighs in Mr. Finale's favor.

The third factor examines whether Mr. Finale has asserted a meritorious defense. For this factor, Mr. Finale is not required to persuade the Court that he is likely to prevail on his defense. *See SecurityNational Mortg. Co. v. Head*, No. 13-CV-03020-PAB-BNB, 2014 WL 4627483, at *3 (D. Colo. Sept. 15, 2014) ("A movant is not required to 'demonstrate a likelihood of success on the merits.'") (quoting *Coon v. Grenier,* 867 F.2d 73, 77 (1st Cir. 1989)). "Rather, the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978). "Whether or not those allegations are true is not determined by the court upon the motion to set aside the default, but would be the subject of later litigation." *Lakeview Cheese Co., LLC v. Nelson-Ricks Creamery Co.*, 296 F.R.D. 649, 654 (D. Idaho 2013) (citing *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010)).

Mr. Finale has failed to carry his minimal burden to establish a meritorious defense. His single-sentence explanation is: "Plaintiff has not established that Mr. Finale having stamped a set of plans renders him liable for Plaintiff's claims, and furthermore, Mr. Finale did not build the home in question." Doc. 21 at 4. However, this is a mere denial. Mr. Finale fails to take the extra step to explain how his version of the facts, if proven at trial, would constitute a "legally cognizable" defense to the action under copyright law. *Roberson v. Farkas*, No. CV 09-795 JCH/WDS, 2011 WL 13117113, at *5 (D.N.M. Sept. 30, 2011) (stating that a meritorious defense must be "legally cognizable"). Because Mr. Finale has made a mere denial without

explaining how his facts constitute a legally cognizable defense, the meritorious defense prong does not weigh in his favor.

In summary, a weighing of the "good cause" factors for setting aside a default under Fed. R. Civ. P. 55(c) shows that two of the three factors favor Mr. Finale. Although Mr. Finale has not alleged facts sufficient to establish meritorious defenses for Rule 55(c) purposes, his conduct leading to the default was not culpable and setting aside the default would not prejudice the Plaintiff. In addition, the demanded sum of money combined with Mr. Finale's stated intention to defend himself are additional factors that weigh in favor of setting aside the default. Mr. Finale's Rule 55(c) motion to set aside the Clerk's Entry of Default against him is granted.

**2. The Court Denies Plaintiff's Motion for Default Judgment**

Because the Court vacates the entry of default (which is a necessary precursor for default judgment), the Plaintiff's motion for default judgment is denied. *See Watkins*, 551 F. App'x at 958 (explaining that if an entry of default is vacated no default judgment can issue); *Garrett v. Seymour,* 217 Fed. Appx. 835, 838 (10th Cir. 2007) (the clerk's entry of default is "a prerequisite for the entry of a default judgment"). Plaintiff's motion for default judgment is denied.

**Conclusion**

For the reasons stated herein, it is therefore ORDERED that:

1. Plaintiff/Counter-Defendant Jim Beverly, d.b.a. Jim Beverly Company's Motion for Default Judgment Against Defendant Alexander Finale **(Doc. 20)** is DENIED;

2. Defendant Alexander Finale's Motion to Set Aside Clerk's Entry of Default **(Doc. 21)** is GRANTED;

3. The Clerk of Court's Entry of Default filed on January 20, 2023 against Defendant Alexander Finale **(Doc. 19)** is VACATED.

**IT IS SO ORDERED**.

 

HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE